AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| SAIF FAIQ ) | Case No.   4:25-MJ-6252 PLC |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
(iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*
    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☑ Participation in criminal activity while on probation, parole, or supervision
    ☑ History of violence or use of weapons
    ☑ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☒ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Government charged Defendant with a violation of 18 U.S.C. § 1951 (conspiracy to commit Hobbs Act robbery); and 18 U.S.C. § 1201 (conspiracy to commit kidnapping). The Government moved for Defendant's detention on the grounds of: (1) history and characteristics; (2) weight of the evidence; (3) danger to the community; and (4) flight risk.

The Court held a hearing. Defendant appeared along with his counsel. The Government appeared through an assistant United States attorney. A Pretrial Services officer also appeared. The Pretrial Services Report was filed following the hearing. The Court permitted the parties time to file a response. Defendant filed a "Response to Motion for Detention" [ECF No. 12]. The Court adopts the Report and incorporates it herein. The Pretrial Services officer recommended detention.

At the hearing, the Government proffered the following in support of detention: Defendant is a danger to the community and a flight risk based on the underlying charges. No conditions are available to address flight risk or danger.

At the hearing, defense counsel proposed location monitoring and a home plan with Defendant's parents. Defendant's family are refugees from Iraq. Defendant is an "entrepreneur" and rehabs and sells cars. Defendant has two previous convictions. The underlying conduct in this case occurred in August 2024 and little connects Defendant to the case. In the supplemental materials, counsel contends that the record supports release under "strict conditions" including home detention, electronic monitoring, third party custodianship, and surrender of travel documents. Counsel also attached letters of support from family members.

CONTINUE ON NEXT PAGE

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/25/2025

*Patricia L. Cohen*

United States Magistrate Judge

SAIF FAIQ
4:25-MJ-6252 PLC

Defense counsel also asserted the following in support of release in his supplemental materials: Defendant did not flee during the last fourteen months despite knowing he was under investigation. Defendant lives with his parents and graduated from high school in St. Louis. Counsel acknowledges failures to appear and probation violations but contends this conduct demonstrates only "poor judgment, mostly as a teenager and young adult." Counsel further acknowledges the seriousness of the charges but claims Defendant did not use violence or "possess weapons for criminal purposes." Counsel further argues that the indictment demonstrates that the kidnapping at issue was perpetrated by others and Defendant's "group" was not the "kidnapping group."

The Pretrial Services officer provided the following information at the hearing and in the Report: Defendant is twenty-two years old and born in Iraq. Defendant is now a U.S. citizen. Defendant resided in St. Louis between the ages of ten and eighteen and then in Bel-Air and Newport Beach, California. Defendant currently lives with his parents. Defendant's brother is a co-defendant and incarcerated in California on a different case. Defendant has a history of failing to appear. Defendant lacks verifiable employment. Defendant was on supervision when the offense was allegedly committed. Defendant is a "multi-state offender." Defendant has been non-compliant while on supervision in the past. Defendant has had an order of protection filed against him. Defendant has previous arrests involving illegal narcotics and weapons. Defendant has a history of "illicit drug use." Defendant has had several arrests and convictions for Resisting Arrest and Resisting Arrest by Fleeing.

Based on the proffers of counsel, as well as the Pretrial Services Report and recommendation, the Court concludes that the Government proved by clear and convincing evidence that no conditions or combination of conditions will assure the safety of the community or Defendant's appearance. Accordingly, the Court grants the Government's motion for pretrial detention [ECF No. 4].