IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
PLAINTIFF, )
) No. 4:25-MJ-6252
vs. )
)
SAIF FAIQ, )
)
DEFENDANT. )

ARRAIGNMENT

BEFORE THE HONORABLE PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE
NOVEMBER 12, 2025

APPEARANCES:

For Plaintiff: MR. ANTHONY FRANKS
UNITED STATES ATTORNEYS OFFICE
111 S. Tent Street, 20th Floor
St. Louis, MO 63102

For Defendant: MR. KEVIN GAU
FEDERAL PUBLIC DEFENDER
1010 Market Street, Suite 200
St. Louis, MO 63101

Transcribed by: Erikia T. Schuster, RPR
Official Court Reporter
United States District Court
111 South Tenth Street, Third Floor
St. Louis, MO 63102 (314) 244-7926

PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

November 12, 2025

**(The proceedings commenced at 4:04 p.m.)**

**(The following proceedings were held in open court and with the defendant present:)**

THE COURT: On the record in 4:25-MJ-6252, USA vs. Saif Faiq. Is it Saif Faiq?

MR. GAU: It is Saif Faiq.

THE COURT: Faiq. And this is a case out of Connecticut, and the case number in Connecticut is 3:25-CR-30. So, Mr. Faiq, we've got a couple of things for you on the docket this afternoon. You've got your initial appearance and because this is a case from another district, there is also an identity hearing. We may have a detention hearing here. It may be in the other district. I don't know. So we'll see. You will let me know when we get there. So first of all, let's get the names of the lawyers for the record.

MR. FRANKS: Anthony Franks for the United States.

MR. GAU: Kevin Gau for Saif Faiq who is present at defense counsel table.

THE COURT: So, Mr. Faiq, let's get your name for the record, okay?

THE DEFENDANT: Yes, ma'am.

THE COURT: What is your name?

THE DEFENDANT: Saif Hussad Faiq.

THE COURT: Say that again.

Case: 4:25-mj-06252-PLC Doc. #: 16 Filed: 01/16/26 Page: 3 of 16 PageID #: 87



THE DEFENDANT: Saif Hussad Faiq.

THE COURT: And Mr. Faiq, how old are you?

THE DEFENDANT: I'm 22 years old.

THE COURT: 22?

THE DEFENDANT: Yes, Judge.

THE COURT: And what is your date of birth?

THE DEFENDANT: June 11, 2003.

THE COURT: Okay. And are you on any kind of medication this afternoon?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. And are you feeling okay physically right now?

THE DEFENDANT: Physically, yes.

THE COURT: Okay. So I'm going to ask our Assistant US Attorney to just state for the record and Mr. Faiq what he's been charged with.

MR. FRANKS: Yes, Your Honor. The defendant is charged with a multi-count indictment. He is being charged with Count 1 with others for conspiracy to commit and interfere with commerce by robbery in violation of Title 18 United States, Code Section 951(a), and the defendant is also charged in Count 2 in the conspiracy to commit kidnapping in violation of 18 United States Code 1201.

THE COURT: Okay. And Mr. Faiq, did you have a chance to talk with Mr. Gau about what this indictment contains

Case: 4:25-mj-06252-PLC Doc. #: 16 Filed: 01/16/26 Page: 4 of 16 PageID #: 88



in the way of charges?

THE DEFENDANT: I did.

THE COURT: Okay. Do you feel like you understand what the Government is claiming? I'm not asking whether you agree with any of it, but whether you understand the words.

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Now you're entitled to have an attorney represent you in this matter. If you can't afford one, I'm going to appoint one to represent you. Mr. Gau works for the Federal Public Defender here in St. Louis. He's been appointed to represent you this afternoon. I'm not going to necessarily appoint the Federal Public Defender for the rest of the case, but you may need to deal with that in Connecticut, okay?

THE DEFENDANT: Yes, Judge.

THE COURT: All right. So our Federal Public Defender is appointed for today. Okay?

THE DEFENDANT: Yes, Judge.

THE COURT: And so you have the right to remain silent. You're not required to make any statements to anyone regarding this matter. If you have made a statement, you don't need to say anything else. If you start to make a statement, you can stop when you want to, but anything you say to anyone or they might overhear you say can be used against you; is that clear?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, what I just said doesn't apply to statements that you make to your attorney. Anything that you say to Mr. Gau is private or confidential and cannot be used against you; is that clear?

THE DEFENDANT: Yes, Judge.

THE COURT: Okay. So I'm going to read the Rule 5F order into the record. The United States is ordered to produce all exculpatory evidence to the defendant as required by *Brady vs. Maryland*. Not doing so could result in sanctions, and Mr. Franks, do you understand on behalf of the Government?

MR. FRANKS: Yes, Your Honor.

THE COURT: And Mr. Gau, you understand that defendant has a right to exculpatory evidence being produced in a timely manner by the United States?

MR. GAU: The defense understands.

THE COURT: Okay. All right. So anything else for the initial appearance?

MR. FRANKS: No, Your Honor.

MR. GAU: No, Your Honor.

THE COURT: All right. So let's talk about the identity hearing at this point. So Mr. Gau, you explained to Mr. Faiq that he has the right to an identity hearing, right?

MR. GAU: Yes, Your Honor.

THE COURT: And how does he wish to proceed with

Case: 4:25-mj-06252-PLC Doc. #: 16 Filed: 01/16/26 Page: 6 of 16 PageID #: 90



respect to that?

MR. GAU: Yes, Your Honor, we're not contesting his identity in this matter.

THE COURT: Okay. So I'm going to have our clerk put you under oath, Mr. Faiq. So if you'll raise your hand.

(Defendant sworn.)

THE COURT: All right. So Mr. Faiq, your lawyer here just said that you're not contesting that your name is Saif Faiq, right?

THE DEFENDANT: That's correct.

THE COURT: So you're giving up your right to an identity hearing to determine that. Is that correct?

THE DEFENDANT: Yes, Judge.

THE COURT: And nobody has forced you to do that, right?

THE DEFENDANT: No, Judge.

THE COURT: And no one has made any promises to you that if you don't have an identity hearing your case is going to go better for you?

THE DEFENDANT: No, Judge.

THE COURT: All right. So I'm going to accept your waiver of that. We also have here -- I don't think the preliminary hearing is in issue since we have got an indictment here. Do you agree with me on that, Mr. Gau?

MR. GAU: Yes, Your Honor, just the informing him of

his Rule 20 rights, I think.

THE COURT: Okay. And so you don't have the right to a preliminary hearing, and Mr. Franks, you agree with that, right?

MR. FRANKS: Yes, Your Honor.

THE COURT: All right. So let's talk about the detention hearing in this district. Did you talk with Mr. Faiq about whether or not he wishes to have a detention hearing in this district or he wishes to waive his detention hearing or if he wishes to have the detention hearing in a different district?

MR. GAU: Your Honor, I have discussed those options with my client. His home is here. He wishes to have a detention -- he wishes to contest the Government's motion here in this district to pretrial detention.

THE COURT: Okay. So let's talk about that. So first of all, you agree that he's not going to have his arraignment in this district, correct?

MR. GAU: That's correct.

THE COURT: And Mr. Franks, that is your understanding as well, correct?

MR. FRANKS: Yes.

THE COURT: Mr. Faiq, you've sat through a lot today and you've seen people having an arraignment here in this district, but your case is in a different district so your

arraignment is going to be in their district, okay?

THE DEFENDANT: Yes, Judge.

THE COURT: All right. That doesn't mean you're not going to have one. You will, but it won't be here today. Understood?

THE DEFENDANT: Understood, Judge.

THE COURT: Okay. All right. So can we turn to the detention issues in the case at this point?

MR. FRANKS: Yes, Your Honor.

THE COURT: Mr. Gau, are you ready to turn to those at this point?

MR. GAU: Yes, Your Honor. I have reviewed the government's motion. I do note there's a request in their written motion for a three-day continuance, and it is something I've taken up with opposing counsel.

THE COURT: Okay. We're not continuing anything right now, so that is denied. So what we're going to do is we're going to have the Government put whatever it has on the record right now and then I'm going to have pretrial put their recommendation, whatever they have, on the record right now. Pretrial is going to issue a report, and they'll tell me when the pretrial services officer gets up here. And then Mr. Gau, you'll have two days after that, and so will the Government, have two days after that. And if the Government wants to put on anything further, the Government can do so at that time, and

Case: 4:25-mj-06252-PLC Doc. #: 16 Filed: 01/16/26 Page: 9 of 16 PageID #: 93



if you want to put on anything further, Mr. Gau, you can put it on. I'm going to hold the record open until that happens for two days after the filing of the pretrial services report.

So all right. So let's get started. First of all, Mr. Franks, just go ahead and tell me what the Government's position is at this point on detention.

MR. FRANKS: The Government's position on detention is that there are no conditions that will reasonably assure the appearance --

THE COURT: Okay. You've got to really speak up and into the mic, okay?

MR. FRANKS: Yes. That there are no conditions that will reasonably assure the safety of the community and the defendant's appearance in this district or the district of Connecticut and that the defendant also poses a significant safety risk to the community. Most namely with regard to the underlying charges here of kidnapping and robbery. The Government would rest upon the detention motion that has been filed. I don't have any additional information outside of that, and that's why the Government was requesting a continuance to gather more in terms of the arrest and the circumstances of the offense.

THE COURT: Okay. So the Government is free to file any kind of supplemental material the Government wants to file within two days of the filing of the pretrial services report.

So it looks like Connecticut filed a motion for detention and it is kind of a form. So you'll file whatever you want in a format that is more suitable for our district perhaps.

MR. FRANKS: So it will be due Monday?

THE COURT: I don't know when the -- it is going to be due within two days of the filing of the pretrial services report, whenever that may happen. My guess is it may not happen Monday. It could happen Tuesday so I don't know.

MR. FRANKS: Thank you.

THE COURT: So let's bring pretrial up here and see what pretrial has to say.

Okay. Ms. Kaslin, just put your name on the record and let's hear what pretrial knows at the moment.

MS. KASLIN: Cori Kaslin with the US Pretrial Services. Your Honor, at this time we'll be recommending detention in this matter, and we will be filing our report by end of business Monday.

THE COURT: Okay. Do you want to put anything on the record at this point?

MS. KASLIN: Sure, Your Honor. In regards to the risk of nonappearance, the Defendant has a history of several arrests and convictions for resisting arrest and resisting arrest by fleeing. The defendant has a history of failing to appear for scheduled court appearances. He has no property ties to the Eastern District of Missouri or Connecticut. He

lacks verifiable legitimate employment. He has a history of illicit drug use, which may impair his ability to remain abreast of court appearances.

In regards to assessment of danger, the nature of the offense is a danger to the community. He has a history of previous arrests for weapons offenses. He has a history of previous arrests for drug-related offenses. He is a multistate offender for Illinois and Missouri. He has had a previous petition of order of protection filed against him. He is currently on probation supervision and was on supervision when he allegedly committed the incident offense, and he has a history of noncompliance on supervision, and that is what I have at this time.

THE COURT: Okay. All right. So, Mr. Gau, just a second. Go ahead, Mr. Gau.

MR. GAU: Thank you. Your Honor, my client's mother and father are sitting here patiently in the courtroom today very concerned for their son, of course. Turning to one of the concerns pretrial had, we would propose a location monitoring condition to be housed -- and home detention.

THE COURT: Is he living with the parents?

MR. GAU: He has been, yes.

THE COURT: Like during all of this he's been living with them?

MR. GAU: Well, the time period appears to be in

August of last year. It is my understanding that his home when he's here in St. Louis has been at his parents' house. He may have been visiting --

THE COURT: What do you mean his home when he's here in St. Louis?

MR. GAU: Well, what I mean is his home is here in St. Louis, Judge, but he may have been visiting New York seeing a friend or something like that. I don't know the circumstances of August of 2024, but I do know that his home is here in St. Louis.

THE COURT: Okay. You're the one that raised the issue. You said when he lives in St. Louis, he's living with his parents.

MR. GAU: Well, Your Honor, I worded it in a way that I should have been more forceful. This is his home, and he would be living with his parents. And I think that there are a combination of conditions that can address things such as substance use --

THE COURT: Does he work?

MR. GAU: As an occupation, he has been basically rehabbing cars and selling them. So buying cars and then selling them for profit so that's what he's been doing as a business, but he is a young person. You know, he is 22 years old so he's an entrepreneur and trying to make his way into this world. They are US citizens, refugees from Iraq from the

wars in Iraq and came to this country over a decade ago, as I understand it, and have made a home here in St. Louis. And as you've heard, his English is excellent. And so there is belief that St. Louis is a good home for him and has been a good home for him.

The two cases that I'm aware of that he was placed on probation are cases -- I'm not aware of any other violations on probation while he was --

THE COURT: He was on probation, though, when all of this occurred?

MR. GAU: Well, let's talk about when all of this occurred and what it is. Your Honor, the superseding indictment references an apparent robbery of a Bitcoin in August of 2024. It is alleged not as a robbery itself, but a conspiracy to commit robbery. And there's also conspiracy on the kidnapping. And there are named -- three individuals named, including him and several others known and unknown. Nothing in there is explaining his role in that. It is not clear from this indictment what his role was in this -- in the robbery. So I don't know the strength of the Government's case. If we link it with the conduct that is alleged in Count 2, which appears to have occurred roughly at the same time, in August of 2024, there's even less connecting him with the conspiracy that I can see.

I see of the enumerated paragraphs overt acts that

they've listed in paragraph four on page three and onto page four of those enumerated acts, overt acts, I'm sorry, I see three that have him. One is super text message to an associate apparently of the conspiracy including an address in Danbury, Connecticut, and a request for assistance. That act in and of itself doesn't appear illegal.

The second instance is that he traveled to Connecticut. This is paragraph 4D, the first one was 4A. And the third instance that I see is paragraph 4I, where he and apparently other coconspirators are alleged to have surveilled two individuals who later were the subject of -- were later apparently kidnapped by other unknown or other conspirators not listed in the indictment. I suspect a bill of particulars is in the offering or a motion for it, but this does not to me read to establish a strong case. I don't know enough to tell Your Honor what was going on and certainly we're not going to telegraph a defense. We just don't know, but he has been --

THE COURT: Okay. It is a pretty serious charge, and he has a pretty extensive record for someone who is so young, and he's not working, and he's living with his parents. I mean, I'll take a look at it but, I mean -- okay.

MR. GAU: Well, I don't know the extent of his record. He has been on probation.

THE COURT: We'll look at it on pretrial, but Ms. Kaslin is pretty thorough and it doesn't sound too good.

Okay. I'll take a look at it, though.

MR. GAU: All right.

THE COURT: All right. I'll take a look at it, Mr. Faiq. This is the way it works in federal court. We don't make rulings from the bench, okay?

THE DEFENDANT: Yes, ma'am. I just wanted to put it on the record that some of those probation violations and all of that, gun cases, that's very untrue.

THE COURT: Okay. I don't think it is a good idea for you to just put stuff on the record. You talk to Mr. Gau, and he'll put whatever you want to put on the record on the record.

(Off the record at 4:25 p.m.)

CERTIFICATE

I, Erikia T. Schuster, Registered Professional Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcription as heard and understood from the taped proceedings held in the above-entitled case and has been transcribed from said tape to the best of my ability.

I further certify that this transcript contains pages 1 through 16 inclusive and was delivered electronically and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, 16th day of January, 2026.

/s/ Erikia T. Schuster
Erikia T. Schuster, RPR
Official Court Reporter